■ EVEREADY INSURANCE COMPANY, Appellant, v SHANE JOHNSON et al., Respondents, and TRAVELERS INDEMNITY COMPANY, Respondent. [750 NYS2d 51] —Judgment, Supreme Court, New York County (Beverly Cohen, J.H.O.), entered January 30, 2002, which denied petitioner Eveready Insurance Company's application to stay an uninsured motorist arbitration, and dismissed the petition, unanimously affirmed, without costs.

The stay was properly denied upon a record establishing that additional respondent Travelers Indemnity Company did not receive notice of the accident involving its and Eveready's insureds until served with the instant petition some 18 months after the accident. While some of this delay can be attributed to the incorrect information provided by Travelers' insured at the accident scene that his insurer was additional respondent Allstate Insurance Company, the larger part of the delay was plainly due to Eveready's failure to conduct a diligent investigation after Allstate disclaimed, file a notice of claim once it learned of Travelers' connection to the offending vehicle, or otherwise affirmatively protect its interest until after its insured filed a demand for uninsured motorist arbitration. Under the circumstances, Travelers' disclaimer was given as soon as reasonably possible (Insurance Law § 3420 [d]). We have considered Eveready's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Marlow, JJ.